UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Saticoy Bay LLC, Series 3425 Palatine Hills Ave., <br><br>　　Plaintiff <br>v. <br><br>Newrez LLC dba Shellpoint Mortgage Servicing, et al., <br><br>　　Defendants | Case No.: 2:22-cv-00282-JAD-BNW <br><br>**Order Denying Emergency Motions for Temporary Restraining Order and Preliminary Injunction** <br><br>[ECF Nos. 4, 6] |

　　Plaintiff Saticoy Bay LLC moves to enjoin Newrez LLC dba Shellpoint Mortgage Servicing from foreclosing on the real property located at 3425 Palatine Hills Avenue, North Las Vegas, Nevada, on February 25, 2022.[1]  The impending foreclosure is Shellpoint's effort to enforce rights under the deed of trust that secures the long-unpaid mortgage on the property.  But record-owner Saticoy takes the position that the deed of trust was discharged by operation of Nevada's ancient-lien statute, Nevada Revised Statute (NRS) 106.240, which conclusively presumes that a lien is extinguished ten years after the debt it secures becomes wholly due.  Saticoy contends that this debt became wholly due in 2011 because the loan was accelerated by virtue of the mortgagor's default.  Shellpoint opposes the motions, pointing out that the acceleration wasn't triggered until 2013 and, regardless, it was rescinded by a subsequent notice that contained the very same language that the Supreme Court of Nevada has recognized "effectively cancel[s] the acceleration."[2]  Because I find that Saticoy Bay is unlikely to succeed on the merits of its claim, I deny its request to enjoin the foreclosure sale.

---

[1] ECF Nos. 4, 6.

[2] *Glass v. Select Portfolio Servicing, Inc.*, 2020 WL 3604042, *1 (Nev. 2020) (unpublished).

**Analysis**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[3] Both are "extraordinary" remedies and "never awarded as of right."[4] The United States Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[5] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[6]

Saticoy can satisfy neither standard in light of the history of this case and the Nevada Supreme Court's rulings in similar cases. It is undisputed that this home was purchased in June 2005 with a $219,950.00 mortgage secured by a deed of trust recorded against the property.[7] The borrower stopped making mortgage payments against that loan beginning with the payment due March 1, 2011, and a notice of default was ultimately recorded on September 30, 2013.[8]

---

[3] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).
[4] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).
[5] *Id.* at 20.
[6] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).
[7] ECF No. 4-3 (deed of trust).
[8] ECF No. 4-5 (notice of default). The recorded documents reflect that Saticoy received the property from the Palatine Hills Avenue Trust, which bought the property for less than $5,000 at

The deed of trust contains an acceleration provision that required the lender to give notice to the borrower "prior to acceleration following Borrower's Breach . . . that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by" the deed of trust.[9] Saticoy takes the position that this provision caused the acceleration of all sums to become wholly due on the date of that required acceleration notice, which Saticoy assumes— "based upon common practice and procedure of Shellpoint and generally in the banking industry"—was sent to the borrower "no later than May 2, 2011."[10] And because "NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due,"[11] Saticoy argues that this deed of trust was extinguished as of May 2, 2021, by operation of this ancient-lien statute. As a result, Saticoy contends, the deed of trust is no longer enforceable, and any foreclosure rights based on the deed of trust have been extinguished.[12]

The first glaring problem with Saticoy's theory is that this assumed May 2011 acceleration notice is a phantom. No such notice was recorded, and there is no evidence that one ever existed. As the Supreme Court of Nevada noted when addressing acceleration clauses in *Clayton v. Gardner*, "'acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the

---

an HOA foreclosure sale in September 2012. ECF No. 1-1 at 205 (foreclosure deed), and 209 (Saticoy transfer deed).

[9] ECF No. 4-3 at 15, § 22 (Acceleration; Remedies).

[10] ECF No. 4 at 4–5.

[11] *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001).

[12] *Id*.

lender's intention.'"[13] It appears that the only unequivocal notice of acceleration of this debt was the September 30, 2013, notice of default.[14] Even if that notice remains in play, at best[15] there's still a year and a half before NRS 106.240's ten-year clock runs on this debt.

But that notice doesn't remain in play. It was canceled by the notice of rescission that was recorded on April 24, 2018.[16] The language of that notice is materially identical[17] to the one the Supreme Court of Nevada held in *Glass v. Select Portfolio Servicing, Inc.* "explicitly cancel[ed] th[e] Notice of Default" and thereby "effectively cancelled the acceleration."[18] Although *Glass* is an unpublished decision, the Ninth Circuit permits district courts to consider such decisions "because they may lend support to a conclusion as to what the Nevada Supreme Court would hold in a published decision."[19] The Supreme Court of Nevada's reliance on *Glass* to reject an NRS 106.240 challenge in a subsequent case bolsters the belief that it would so hold in a published decision.[20] And even the Ninth Circuit has relied on *Glass*, found it "persuasive,"

---

[13] *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) (quoting *United States v. Feterl*, 849 F.2d 354, 357 (8th Cir. 1988)).

[14] ECF No. 4-5.

[15] Because I find that the loan was decelerated by the notice of rescission, I need not and do not decide whether the debt, in fact, became "wholly due" upon notice of default.

[16] ECF No. 9-8.

[17] *Compare* ECF No. 9-8 at 2 *with* ECF No. 9-13 at 2.

[18] *Glass*, 2020 WL 3604042 at *1.

[19] *U.S. Bank v. White Horse Estates Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (cleaned up).

[20] *See SFR Invs. Pool 1 v. U.S. Bank*, 495 P.3d 126 (Nev. 2021) ("In *Glass*, we reasoned that because the Notice of Rescission rescinded the previously recorded Notice of Default, the Notice of Rescission "effectively cancelled the acceleration" triggered by the Notice of Default such that NRS 106.240's 10-year period was reset. We therefore conclude that the Notice of Rescission in this case had the same effect.") (internal citations omitted).

and applied its reasoning to reject NRS 106.240 arguments like those Saticoy Bay relies on here.[21]

The apparent non-viability of Saticoy's NRS 106.240 theory—which undergirds all of its claims—leaves Saticoy unable to demonstrate either a likelihood of success on, or serious questions going to, the merits of its claims. The failure of this factor alone dooms its injunctive-relief request. But at least two other *Winter* factors support denial. When I consider that Saticoy acquired this property for less than $5,000 in 2012 and has apparently made no payment on the $219,950.00 mortgage in the decade since, the balance of equities tips against Saticoy. And Saticoy has shown that an injunction will advance only its private interests, not any public one.

IT IS THEREFORE ORDERED that Saticoy Bay LLC, Series 3425 Palatine Hills Ave's emergency motions for a temporary restraining order and a preliminary injunction to enjoin the February 25, 2022, foreclosure sale **[ECF Nos. 4, 6] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 24, 2022

---

[21] *See, e.g.*, *Bank of Am., NA v. SFR Invs. Pool 1, LLC*, 849 F. App'x 211, 212 (9th Cir. 2021) (unpublished) ("Because the facts in *Glass* are similar to the undisputed facts here, we find it persuasive and apply the court's reasoning to conclude that the district court erred in entering judgment in favor of SFR."); *TRP Fund VIII, LLC v. NewRez LLC*, 2021 WL 5823701, *1 (9th Cir. 2021) (citing *Glass* and noting that "[r]ecent decisions of the Nevada Supreme Court confirm our conclusion that the recission notice decelerated the loan and prevented extinguishment of the deed of trust under the ancient lien statute.").